UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARY C. ROBERTS

     Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

     Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARY C. ROBERTS, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, MARY C. ROBERTS, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action. This lawsuit is being filed pursuant to an express extension of the applicable statute of limitations.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances. Plaintiff is a disabled American who used an electric mobility scooter on her cruise. Thus, Defendant owed Plaintiff a higher duty in the circumstances than it did to non-disabled passengers in maintaining the gangway from the ship to the pier in Cozumel.

11. Plaintiff attempted to disembark the ship using the gangway at the first port of call in Cozumel, Mexico. Defendant has a non-delegable duty to safely get Plaintiff off the ship

11. regardless of who owns or controls the gangway.

12. On or about October 30, 2019, the Plaintiff was injured while attempting to disembark Defendant's cruise ship CARNIVAL DREAM as a result of a negligently maintained gangway which violated the Americans with Disabilities Act (hereinafter the "ADA") because it denied Plaintiff equal access with non-disabled Americans in disembarking the ship.

13. The ADA applies because the condition at issue does not require a permanent, significant or structural change to the basic ship design and construction. Instead, it simply involves a gap or a space between the ship and the gangway.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL DREAM.

## COUNT ONE-NEGLIGENT MAINTAINANCE OF THE GANGWAY

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff was attempting to disembark the CARNIVAL DREAM on the gangway at the port of Cozumel, Mexico, the first scheduled stop on Plaintiff's cruise with Defendant.

15. The Plaintiff is a disabled American who used an electric scooter to ambulate. Defendant had actual knowledge that Plaintiff was bringing an electric mobility scooter on board to use on the cruise.

16. The Defendant owed Plaintiff a non-delegable duty of reasonable care in the circumstances in disembarking Plaintiff from the cruise ship which included ensuring the that the gangway was reasonably safe in the circumstances and that assistance would be provided to disabled passengers in exiting the vessel.

17. The subject gangway or exit from the ship was unsafe because there was a one-inch to

one and one-half inch gap between the end of the superstructure of the ship to where the gangway begins. The gap created a hazard for disabled passengers exiting the vessel because of the difference in height between the gap or space and the start of the gangway. The gap created a hazard for Plaintiff on her electric mobility scooter. The front wheel of the scooter hit the gap and then the gangway which caused the scooter to jerk upwards which in turn caused Plaintiff to lose her balance and be thrown from the scooter striking her head and causing serious permanent neurological injury.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was attempting to disembark CARNIVAL DREAM at the first scheduled port of call at Cozumel, Mexico.

19. The means of egress was unsafe due to a gap or space between the ship and gangway and/or because Defendant knew or should have known through the exercise of reasonable care in the circumstances that the means of egress was unsafe for disabled passengers using electric scooters and violated the ADA and there were no crew members assigned to assist disabled passengers in disembarking the vessel.

20. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a means of egress (the gangway) from the ship in a reasonably safe condition, and/or;

   b. Failing to properly and safely train crew members in assisting disabled passengers and complying with the ADA, and/or;

   c. Failing to conduct routine safety inspections of a gangway to ensure it was safe, and/or;

    d.    Failing to assign a sufficient number of crew members to safely conduct and/or assist disabled passengers exiting the ship, and/or;

    e.    Failing to warn Plaintiff of an unreasonably hazardous exit from the ship, and/or;

21. At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph twenty to have caused or contributed to causing Plaintiff's injury by the nature of the hazard and/or Defendant is vicariously liable for the actions of crew members in securing the gangway to the superstructure of the ship.

22. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to be thrown from her electric mobility scooter and strike her head.

23. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

24. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a brain injury with permanent consequences. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT II-NEGLIGENT FAILURE TO WARN

25. Plaintiff reavers and realleges Paragraphs 1-12 and 18 as if set forth herein.

26. The Plaintiff was seriously injured when she was caused to be thrown from an electric mobility scooter while attempting to disembark the ship.

27. In this case, although there was a gap or space between the ship and the gangway the area there were no signs or other warnings alerting Plaintiff to the unreasonably dangerous nature of the gangway or that no assistance would be offered to disabled passengers attempting to disembark the vessel.

28. At all times material, Plaintiff was acting with due care for her own safety.

29. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that there was a space or gap between the ship and the gangway which could create a hazard for disabled passengers.

30. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

31. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the gangway area posed a hazard for disabled passengers using electric scooters to disembark the vessel.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 22nd day of October, 2021.

- 7 -

                HOFFMAN LAW FIRM
                PAUL M. HOFFMAN, ESQ.
                2881 East Oakland Park Boulevard
                Fort Lauderdale, FL 33306
                Telephone: (954) 707-5040

                */s//Paul M. Hoffman, Esq.*
                PAUL M. HOFFMAN
                Florida Bar No:   0279897